

| Case Number | Filed Date | County | Case Type | Status | Contested | Jury Trial |
|---|---|---|---|---|---|---|
| 012019CA000824XXXXXX [25016221] | 03/06/2019 | ALACHUA | | OPEN | No | No |

| Filing Date | Description | Active | Contested | Judgment Date |
|---|---|---|---|---|
| 03/06/2019 | CONTRACT AND INDEBTEDNESS | YES | NO | - |

| Party Name | Party Type | Attorney | Bar ID |
|---|---|---|---|
| BRASINGTON, MONICA J | JUDGE | | |
| BRADLEY, HUGH | DEFENDANT | | |
| EXACTECH US INC | PLAINTIFF | BIELBY, LORENCE JON | 393517 |
| MIDWEST MEDICAL SOLUTIONS LLC | DEFENDANT | | |

**Dockets**

| Image | Doc # | Action Date | Description | Pages |
|---|---|---|---|---|
| | 1 | 03/06/2019 | COMPLAINT FOR DECLARATORY JUDGMENT AND BREACH OF CONTRACT Receipt: 434456 Date: 03/07/2019 | 11 |
| | 4 | 03/06/2019 | SUMMONS ISSUED - WITH FEE Receipt: 434456 Date: 03/07/2019 HUGH BRADLEY (DEFENDANT); | 3 |
| | 2 | 03/06/2019 | CIVIL COVER SHEET - NO JURY TRIAL REQUESTED | 2 |
| | 3 | 03/06/2019 | SUMMONS ISSUED - WITH FEE MIDWEST MEDICAL SOLUTIONS LLC (DEFENDANT); Receipt: 434456 Date: 03/07/2019 | 2 |

**Judge Assignment History**

| Assigned Date | Withdraw Date | Judicial Officer | Type |
|---|---|---|---|
| No records found. | | | |

**Court Events**

| Event Date | Judge | Docket Type | Location | Prosecutor | Defendant Attorney |
|---|---|---|---|---|---|
| No records found. | | | | | |

**Financial Summary**

| Financial Summary | | | |
|---|---|---|---|
| Assessment | Total: $420.00 | Paid to Date: $420.00 | Balance Due: $0.00 |
| Restitution | Total: $0.00 | Paid to Date: $0.00 | Balance Due: $0.00 |

| Financial Details | | | | |
|---|---|---|---|---|
| Count | Assessment Due | Assessment Paid to Date | Restitution Due | Restitution Paid to Date | Last Payment Date |
| | $420.00 | $420.00 | $0.00 | $0.00 | - |

**Reopen History**

| Reopen Date | Reopen Close Date | Reopen Reason |
|---|---|---|
| No records found. | | |

EXHIBIT "1"

IN THE CIRCUIT COURT OF THE EIGHTH JUDICIAL CIRCUIT
IN AND FOR ALACHUA COUNTY, FLORIDA

EXACTECH U.S., INC.,

    Plaintiff,

    v.

MIDWEST MEDICAL SOLUTIONS, LLC, and
HUGH BRADLEY, an individual,

    Defendants.

Case No.: 2019 CA 000824
Division: DIV K

_____/

## COMPLAINT FOR DECLARATORY JUDGMENT AND BREACH OF CONTRACT

Plaintiff Exactech U.S., Inc. files this Complaint against Midwest Medical Solutions, LLC and Hugh Bradley, individually, and alleges as follows:

### PARTIES

1. Exactech U.S., Inc. ("Exactech") is a medical products manufacturer with a principal place of business at 2320 NW 66th Court, Gainesville, Alachua County, Florida 32653.

2. Midwest Medical Solutions, LLC ("Midwest" or "Agency") is a Minnesota company with a principal place of business at 3191 Lake Lane, Arden Hills, Minnesota 55112.

3. Hugh Bradley ("Bradley" or "Primary Agent") is, upon information and belief, an employee of Midwest.

### JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this suit pursuant to Sections 26.012(2)(a) and (c), Florida Statutes.

5. This Court has personal jurisdiction over Defendants because they entered into a contract to be performed, in part, and did perform, in Alachua County, Florida.

6. Venue is proper in Alachua County, Florida, pursuant to Chapter 47, Florida Statutes.

## FACTUAL BACKGROUND

7. On January 1, 2015, Exactech on one side, and Midwest and Bradley (as "Agent" and "Primary Agent"), on the other, entered into a Sales Agency Agreement (as amended) (the "Agreement").[1]

8. The Agreement is confidential; it is not attached hereto in light of its confidentiality provisions, discussed below. (Exactech will file it under seal pursuant to an agreed protective order and makes application for such below.)

9. The Agreement provides for compensation to the "Agency" (labeled the "Restricted Period Compensation" in the Agreement) upon Agency compliance and in the case of certain conditions of termination.

10. If termination is for violation of law or regulation, no Restricted Period Compensation is due. The Agreement provides, paragraph 5.(D)(ii): "If Exactech terminates Agency based upon an act or omission that is a violation of law or regulation...then the obligations of 5(D)(ii) will still apply; however, there will be no Restricted Period Compensation due to Agency."

11. Agency will claim an entitlement to Restricted Period Compensation because the initial letter informing the Agency of the termination did not expressly state that the termination was based upon an act or omission that is a violation of law or regulation. No such express statement was required; the letter reserved such basis by stating: "The post-termination payments are contingent upon the Agency not having violated any law or regulation...." (The initial

---

[1] The Agreement was amended on April 18, 2017 and on August 15, 2017, neither of which modified the terms or conditions that are relevant herein.

termination letter is not attached hereto in light of the confidentiality provisions; Exactech will file it under seal pursuant to an agreed protective order.)

12. Exactech subsequently confirmed its reasonable suspicion that the Agency and/or Bradley had committed one or more act or omission that is a violation of law or regulation, and one or more failures or breaches of the underlying Agreement.

13. In particular, Agency and/or Bradley failed to comply with regulatory requirements related to the distribution of products, as well as the requisite reporting pursuant to regulatory authority ("Sunshine Requirements"). Upon information and belief there may be other or additional failures to report, and other additional violations of law or regulation, all subject to standard post termination audit procedures. Exactech has notified Agency as to its performance of an audit.

14. Failure to comply with regulatory reporting requirements is a violation of federal law and regulation (as well as Exactech's internal rules) and a breach of the subject Agreement.

15. If after an audit, no violation of law or regulation nor other restrictive covenants is shown, any Restricted Period Compensation is limited to an amount as intended by the parties; during events surrounding the termination, if it is determined that compensation is payable, it is clear that a *bona fide* dispute exists between the parties as to the amount of any Restricted Period Compensation.

16. Upon information and belief, Agency further failed to require one or more of its sales representatives to enter into a Non-Disclosure Agreement, and/or a Non-Compete Agreement, an omission that constitutes a breach of the Agreement and which pre-empts or cancels any Restricted Period Compensation.

17. All conditions precedent to the filing of this action have been performed or are otherwise satisfied.

## COUNT I
## DECLARATORY JUDGMENT

18. Paragraphs 1-17 are incorporated herein.

19. Plaintiff is entitled to a declaratory judgment in its favor pursuant to Section 86.021, Florida Statutes.

20. There is a *bona fide* dispute between Exactech, on one side, and Defendants, on the other, with respect to whether the Agency is entitled to Restricted Period Compensation. Agency claims entitlement; Exactech denies, based on Agency's noncompliance with the Agreement.

21. If after an audit, no violation of law or regulation nor other restrictive covenants is shown, any Restricted Period Compensation is limited to an amount as intended by the parties; during events surrounding the termination, if it is determined that compensation is payable, it is clear that a *bona fide* dispute exists between the parties as to the amount of any Restricted Period Compensation

22. The issue before the Court is not merely speculative, but will determine whether the Agreement is lawful and effective.

WHEREFORE, Exactech demands a declaratory judgment in its favor against Defendants, along with any supplemental relief, attorney fees, and costs, if appropriate.

## COUNT II
## BREACH OF CONTRACT
### (Failing to Comply with Law and Regulatory Requirements)

23. Paragraphs 1-17 are incorporated herein.

4

24. The Agreement provides, in part (see section 4.8 thereof):

> Agency and Primary Agent will comply with all laws and regulatory requirements related to the distribution of the Products....Agency will further comply with Exactech's Compliance and Ethics Plan, and the applicable Policies and Procedures. Agency will comply with all applicable laws, regulations, ordinances and regulatory requirements, whether federal, state, or local. This obligation includes, but is not limited to, compliance with HIPAA, Anti-Kickback statutes, Stark laws, the Physician Payments Sunshine Act, and any other applicable fraud and abuse provisions.

25. The Agreement further provides, in part (see section 4.8.1 thereof):

> All Agencies and their representatives, employees, agents and independent contractors who represent Exactech products are expected to report any potential violation of a law, regulation or policy to the Exactech Compliance Office, in accordance with Exactech's Compliance and Ethics Program, and Policies and Procedures.

26. Defendants failed to comply with laws, regulatory requirements related to the distribution of the Products, Exactech's Compliance and Ethics Plan, and applicable Exactech Policies and Procedures pertaining to the sale of federally regulated medical devices, and are consequently in breach of the Agreement.

27. Defendants failed to report any potential violation of a law, regulation or policy to the Exactech Compliance Office, in accordance with Exactech's Compliance and Ethics Program, and Policies and Procedures, and are consequently in breach of the Agreement.

28. Defendants failed to report payments in cash or kind to medical providers, in violation of laws, regulatory requirements related to the distribution of the Products, Exactech's Compliance and Ethics Plan, and applicable Exactech Policies and Procedures.

29. As a result of Defendants' breach, Exactech has suffered damages.

WHEREFORE, Exactech demands judgment against Defendants for damages, along with such other supplemental relief as this court deems just and proper, including, but not limited to, attorneys' fees and costs.

### COUNT III
### BREACH OF CONTRACT
**(Failing to require Agents to sign a non-disclosure / non-compete)**

30. Paragraphs 1-17 are incorporated herein.

31. The Agreement provides, in part (see section 5.(D(iv))

> "Due to the fact that each of Agency's sales representatives is bound by the terms of this Agreement, including without limitation this section, Agency will have a written non-compete agreement in place with each sales representative with terms similar to those of this section, provided however that such representative non-compete will be drafted in such a way as to permit sales representatives to continue representing Exactech after Agency termination if they so choose."

32. Upon information and belief, Defendants failed to require Agency sales representatives to sign non-compete agreement(s), in direct contravention of the Agreement, and in violation of Exactech Policies and Procedures.

33. As a result of Defendants' breach, Exactech has suffered damages.

WHEREFORE, Exactech demands judgment against Defendants for damages, along with such other supplemental relief as this court deems just and proper, including, but not limited to, attorneys' fees and costs.

### COUNT IV
### BREACH OF THE COVENANT OF GOOD FAITH & FAIR DEALING
**(Pled in the Alternative)**

34. Paragraphs 1-17 are incorporated herein.

35. This count is in the alternative to Count II, to the extent Defendants claim any ambiguity in the Agreement about the permissibility or scope of the conduct in question with respect to sections 4.8 and 4.8.1 of the Agreement.

36. Defendants failed to comply with laws, regulatory requirements related to the distribution of the Products, Exactech's Compliance and Ethics Plan, and applicable Exactech Policies and Procedures pertaining to the sale of federally regulated medical devices, and consequently failed to exercise the duty of good faith and fair dealing in connection with section 4.8 of the Agreement.

37. Defendants failed to report any potential violation of a law, regulation or policy to the Exactech Compliance Office, in accordance with Exactech's Compliance and Ethics Program, and Policies and Procedures, and consequently failed to exercise the duty of good faith and fair dealing in connection with section 4.8.1 of the Agreement.

38. Through Defendants' conscious and deliberate acts, which have unfairly frustrated the Agreement's purpose and Exactech's reasonable expectations, Defendants have deprived Exactech of the benefits of the Agreement, causing Exactech damages in detrimentally relying on the good-faith performance of the Agreement.

39. Defendants have violated the covenant of good faith and fair dealing through their violation of good faith compliance with sections 4.8 and 4.8.1 of the Agreement.

WHEREFORE, Exactech demands judgment against Defendants for damages, along with such other supplemental relief as this court deems just and proper, including but not limited to attorneys' fees and costs.

## COUNT V
## BREACH OF CONTRACT – BEST EFFORTS

40. Paragraphs 1-17 are incorporated herein.

41. The Agreement provides, in part (see section 4.1.1 thereof):

> Agency agrees that Primary Agent and its other sales reps will devote their best efforts and sufficient working time to selling or distributing products. Agency shall use its best efforts to service existing and prospective hospital customers of Exactech in the Territory, including but not limited to, participation and/or booth coverage at trade shows, exhibitions and Product training as reasonably requested by Exactech, to the extent such participation does not interfere with Agency's business operations.

42. Defendants had a duty under the Agreement to devote their best efforts and sufficient working time to selling or distributing products and to use their best efforts to service existing and prospective hospital customers of Exactech in the Territory.

43. Defendants failed to devote their best efforts and sufficient working time to selling or distributing products and to use their best efforts to service existing and prospective hospital customers of Exactech in the Territory.

44. As a result of Defendants' breach, Exactech has suffered damages.

WHEREFORE, Exactech demands judgment against Defendants for damages, along with such other supplemental relief as this court deems just and proper, including, but not limited to, attorneys' fees and costs.

## COUNT VI
## BREACH OF THE COVENANT OF GOOD FAITH & FAIR DEALING
### (Pled in the Alternative to Count IV)

45. Paragraphs 1-17 are incorporated herein.

46. This count is in the alternative to Count V, to the extent Defendants claim any ambiguity in the Agreement about the permissibility or scope of the conduct in question with respect to section 4.1.1 of the Agreement.

47. Defendants failed to devote their best efforts and sufficient working time to selling or distributing products and to use their best efforts to service existing and prospective

hospital customers of Exactech in the Territory, and consequently failed to exercise the duty of good faith and fair dealing in connection with section 4.1.1 of the Agreement.

48. Through Defendants' conscious and deliberate acts, which have unfairly frustrated the Agreement's purpose and Exactech's reasonable expectations, Defendants have deprived Exactech of the benefits of the Agreement, causing Exactech damages in detrimentally relying on the good-faith performance of the Agreement.

49. Defendants have violated the covenant of good faith and fair dealing through their violation of good faith compliance with section 4.1.1 of the Agreement.

WHEREFORE, Exactech demands judgment against Defendants for damages, along with such other supplemental relief as this court deems just and proper, including but not limited to attorneys' fees and costs.

## COUNT VII
## INJUNCTIVE RELIEF RE: PROHIBITION ON FILING OF AGREEMENT

50. Paragraphs 1-17 are incorporated herein.

51. The Agreement provides, in part (see section 4.11 thereof):

> "Confidential Information" means all non-public information given to or acquired by Agency in the course of this Agreement relating to Exactech, the Products, [and] the terms and details of this Agreement.... "Trade Secrets" are as defined in Florida Statutes Chapter 688. Agency will maintain in confidence and not disclose Exactech's Confidential Information, Trade Secrets and other proprietary information disclosed pursuant to Agency's performance under this Agreement, except upon the written permission of Exactech.

52. The excerpts of the Agreement quoted in the Complaint above are the gravamen of the asserted claims, and the disclosure of them does not operate to cause commercial harm to any party.

9

53. Disclosure of the other (particularly financial) details of the Agreement are trade secrets and their disclosure would cause irreparable harm to Exactech.

54. The parties agreed to keep such details confidential. There is no need for such details to be made a matter of record, and a sealed filing of the Agreement would provide the Court with the full ability to discharge its duties with respect to this matter.

WHEREFORE, Exactech respectfully requests the Agreement be filed only under seal, and its financial and other details be handled confidentially, for any review by this Court to be held *in camera*, pursuant to an appropriate protective order to be either agreed upon by the parties and submitted to the Court for its consideration, or, alternatively and upon notice, a proposed order to be submitted to the Court for its consideration.

## CONCLUSION

Exactech respectfully requests judgment in its favor in the form of an Order providing the following relief:

(A) (i) Declaring that the Agency is not entitled to "Restricted Period Compensation";

(ii) Alternatively, if this Court finds that Restricted Period Compensation is warranted, that the intent of the parties directs payment of a certain or specific amount as shown by Exactech to be the supported amount;

(B) Finding Defendants in breach of the Agreement; and

(C) Awarding Exactech damages, along with attorney fees and costs, if so entitled or as determined;

(D) Granting such other and further relief, at law or in equity, as the Court finds appropriate.

          Respectfully submitted,

          **GREENBERG TRAURIG, P.A.**
          101 East College Avenue
          Post Office Drawer 1838
          Tallahassee, FL   32302
          (850) 222-6891 Phone
          (850) 681-0207 Fax
          BielbyL@gtlaw.com
          LondotJ@gtlaw.com
          HoffmanM@gtlaw.com
          FLService@gtlaw.com

          *s/ Lorence Jon Bielby*
          **LORENCE JON BIELBY**
          Florida Bar No. 393517
          BielbyL@gtlaw.com
          **JOHN K. LONDOT**
          Florida Bar No. 579521
          LondotJ@gtlaw.com

          *Counsel for Plaintiff*

*ACTIVE 42004482v1*

IN THE CIRCUIT COURT OF THE EIGHTH JUDICIAL CIRCUIT
IN AND FOR ALACHUA COUNTY, FLORIDA

Exactech U.S., Inc.,

      Plaintiff,

-vs-

Midwest Medical Solutions, LLC, a
Minnesota Limited Liability Company, and
Hugh Bradley, an individual,

      Defendant(s).

Case No.: 2019 CA 000824

Division: DIV K

# SUMMONS

**THE STATE OF FLORIDA**
**To Each Sheriff of the State:**
YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on defendant

**Midwest Medical Solutions, LLC**
**3191 Lake Lane**
**Arden Hills, MN 55112**

Each defendant is required to serve written defenses to the complaint or petition on plaintiff's attorney whose name and address is

Lorence Jon Bielby, Esq.
John K. Londot, Esq.
Greenberg Traurig, P.A.
101 East College Avenue
Tallahassee, FL 32301
Telephone: (850) 222-6891
Email: BielbyL@GTLaw.com
       LondotJ@GTLaw.com

within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

WITNESS my hand and the seal of said Court on _____MARCH 7, 2019_____, _____.

J.K. "Jess" Irby, Esq.
Clerk of Circuit Court

By _____IS Whaley_____
Deputy Clerk

Civil Division
Alachua County Courthouse
201 East University Avenue • Gainesville Florida 32601
Phone (352) 374-3636 • Fax (352) 338-3207

IN THE CIRCUIT COURT OF THE EIGHTH JUDICIAL CIRCUIT
IN AND FOR ALACHUA COUNTY, FLORIDA

Exactech U.S., Inc.,

      Plaintiff,                                     Case No.: **2019 CA 000824**

                                                         **DIV K**

-vs-                                                  Division: _____

Midwest Medical Solutions, LLC, a Minnesota
Limited Liability Company, and Hugh Bradley,
an individual,

      Defendant(s).

## SUMMONS / PERSONAL SERVICE OF AN INDIVIDUAL

THE STATE OF FLORIDA:
TO EACH SHERIFF OF THE STATE: You are hereby commanded to serve this Summons and a copy of the Complaint or Petition in this action on the Defendant:

**Hugh Bradley
3191 Lake Lane
Arden Hills, Minnesota 55112**

Dated on    **MARCH 7, 2019**

J.K. "Jess" Irby, Esq.
Clerk of Circuit Court

By /s/ KS Whaley
Deputy Clerk

Civil Division
Alachua County Courthouse
201 East University Avenue • Gainesville Florida 32601
Phone (352) 374-3636 • Fax (352) 338-3207

**IMPORTANT**

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the Clerk of this Court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages,

money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

Plaintiff/Plaintiff's Attorney

Lorence Jon Bielby, Esq.
Florida Bar Number 393517
John K. Londot, Esq.
Florida Bar Number 788121
Greenberg Traurig, P.A.
101 East College Avenue
Tallahassee, FL 32301
Telephone: (850) 222-6891
 Email: BielbyL@GTLaw.com
        LondotJ@GTLaw.com

2

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 días, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefónica no lo protegerá. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el número del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guía telefónica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, deberá usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciaires ont été entreprises contre vous. Vous avez 20 jours consécutifs a partir de la date de l'assignation de cette citation pour déposer une réponse écrite a la plainte ci-jointe auprès de ce tribunal. Un simple coup de téléphone est insuffisant pour vous protéger. Vous êtes obliges de déposer votre réponse écrite, avec mention du numéro de dossier ci-dessus et du nom des parties nommées ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne déposez pas votre réponse écrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent être saisis par la suite, sans aucun préavis ultérieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requérir les services immédiats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez téléphoner a un service de référence d'avocats ou a un bureau d'assistance juridique (figurant à l'annuaire de téléphones).

Si vous choisissez de déposer vous-même une réponse écrite, il vous faudra également, en même temps que cette formalité, faire parvenir ou expédier une copie de votre réponse écrite au "Plaintiff/ Plaintiff's Attorney" (Plaignant ou à son avocat) nomme ci-dessous.

3